UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| B.F. CARVIN CONSTRUCTION COMPANY, INC. AND PEABODY CONSTRUCTION COMPANY, INC. | CIVIL ACTION |
| VERSUS | No. 06-7155 |
| CNA INSURANCE CO., CONTINENTAL CASUALTY CO. AND TRANSPORTATION INSURANCE CO. | SECTION "C" |

### ORDER

The Court previously ordered briefing on whether the jurisdiction amount existed at the time of removal. The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties

must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In their response to the jurisdictional minimum order, defendants present calculations which show that plaintiffs had more than $75,000 in controversy on the day of removal. These calculations are based on the plaintiffs' claims for $61,725 for business interruption plus unspecified loss of property damage plus all other damage for bad faith and attorneys fees. The defendants show that all totaled, plaintiffs assert claims worth more than $75,000, excluding interest and costs. The defendants argument is buttressed by the attachments to the plaintiffs' memorandum, which show that the plaintiffs' business losses were more than $75,000.

Based on the record and the law, the Court finds that the defendant has

established subject matter jurisdiction.  The Court is satisfied that more than $75,000 was in controversy on the date of removal.

New Orleans, Louisiana, this 22nd day of November, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE